UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MADISON JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:23-cv-00109 |
| v. ) | |
| ) | |
| WESTON FOODS US, LLC n/k/a ) | |
| WB FROZEN US, LLC, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Madison Jones ("Jones"), by counsel, for her cause of action against Defendant, Weston Foods US, LLC n/k/a WB Frozen US, LLC ("Weston"), alleges and says:

PRELIMINARY STATEMENT

1. This is a civil action brought to recover damages, fees and costs from Weston, in Count I, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1) ("Title VII"), and the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k) ("PDA"), which prohibit discrimination against an employee on the basis of sex and pregnancy, and, in Count II, under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"), which prohibits unlawful interference, discrimination and/or retaliation relating to medical leave.

JURISDICTION & VENUE

2. This court has original jurisdiction over Jones' Title VII, PDA and FMLA claims under 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f)(3), and 29 U.S.C. § 2617(a)(2).

3. Venue in this court is proper because all of the acts and omissions giving rise to Jones' respective claims occurred in Hendricks County, which is in the Southern District of Indiana, Indianapolis Division.

## PARTIES

4. Jones is an individual residing in Brownsburg, Hendricks County, Indiana.

5. Weston was an Indiana limited liability company, now a Delaware LLC, admitted to do business, and doing business, in this state including, but not limited to, Brownsburg, Hendricks County, Indiana.

6. Weston is an employer engaged in an industry affecting commerce and had 15 or more employees for each working day in each of 20 or more calendar weeks in 2021 and 2022.

## PROCEDURE

7. Within 300 days of the occurrence of the acts alleged in this Complaint, Jones filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

8. Jones received the EEOC's Determination and Notice of Rights issued on or about October 25, 2022 and commenced this action within 90 days of the date she received the notice.

## STATEMENT OF FACTS

9. Weston is a manufacturer and seller of frozen bakery products for in-store and food service bakeries throughout the United States.

10. Jones began her employment with Weston at the Brownsburg headquarters on February 15, 2017 as the Cake Category Marketing Manager.

11. In or about May 2020, Gavinder Bhatia ("Bhatia"), Vice-President of Cakes and Pies, became Jones' manager.

12. In July 2020, Bhatia gave Jones a standard/good mid-year performance review.

13. In her personal time outside of employment at Weston, Jones obtained a real estate license in December 2020, with the intention of working in that area on evenings and weekends as time allowed and opportunities arose.

14. Jones' collateral employment in real estate was not prohibited under the terms and conditions of her Weston employment.

15. On or about December 10, 2020, Bhatia told Jones that others in the company had learned of Jones' new side business (*before* Bhatia) and speculated to Bhatia that Jones was going to leave, or had already left, her employment at Weston.

16. Jones denied the unfounded rumors about her Weston employment status and intentions. It was not uncommon for Weston employees to earn supplemental income from second jobs or hobbies.

17. On or about January 27, 2021, Bhatia gave Jones an excellent year-end work performance review.

18. In the course of her January review, Bhatia did not state or imply to Jones that, a few weeks earlier, team members had allegedly complained that Jones was distracted or lacked focus, that she failed to meet expectations, that she was not delivering anticipated results, that she was creating a burden on her colleagues, or that she was putting delivery deadlines at risk.

19. Bhatia did not discuss any of the foregoing allegations with Jones at or after the time of her excellent review, nor did she give Jones any warnings or performance improvement requirements in that connection.

20. On Tuesday, March 16, 2021, Jones, who was eight weeks pregnant at the time, was taken to the emergency room for treatment of a severe migraine, with impaired vision and memory loss symptoms, caused by her pregnancy.

21. The following Monday, March 22, 2021, Jones applied for short-term FMLA leave with Meredith Cripe ("Cripe"), a Senior Manager in Weston H.R., to recover from the continuing migraines and informed Cripe she was nine weeks pregnant.

22. Jones' approved FMLA leave began on March 23, 2021 and she returned to work on April 6, 2021.

23. On April 7, 2021, at Bhatia's request, Jones joined an online video conference with Bhatia and Lindsay Payne ("Payne") from Weston H.R., at which time Bhatia informed Jones her employment was terminated effective immediately, ostensibly, for poor work performance.

24. Bhatia did not follow Weston's progressive discipline policy, discuss any specific performance problems with Jones, give her any warnings, or put her on any improvement plan before terminating her employment the day after she returned from FMLA leave.

## COUNT I – PREGNANCY DISCRIMINATION

25. Jones incorporates herein by reference the allegations contained in rhetorical paragraphs 1 through and including 24 of the Complaint.

26. At all times relevant, Jones was a person protected by Title VII and the PDA because she is female and was pregnant.

27. Weston learned Jones was pregnant when she informed Cripe, a Senior H.R. Manager, on March 22, 2021.

28. On information and belief, Bhatia did not make the decision to terminate Jones' employment without first consulting with others in the company including, but not limited to, Weston H.R. employees who had actual or constructive knowledge of Jones' pregnancy.

29. Bhatia and Payne, who had access to Jones' H.R. file and Cripe's notes from her meeting with Jones two weeks prior, both participated directly in Jones' termination for alleged poor performance on April 7, 2021.

30. By all accounts, Jones was performing her duties satisfactorily, as evidenced by her excellent performance review on January 27, 2021, yet she was summarily fired for alleged poor performance, while similarly situated non-pregnant coworkers were treated more favorably.

31. The acts and conduct of Weston described herein constitute unlawful employment discrimination on the bases of sex and pregnancy in violation of Title VII and the PDA.

32. Weston engaged in such discriminatory acts and conduct with malice or with reckless indifference to Jones' federally protected rights.

33. As a direct and proximate result of Weston's unlawful conduct, Jones suffered economic loss, embarrassment, inconvenience, mental anguish and loss of enjoyment of life.

34. As a direct and proximate result of Weston's unlawful conduct, Jones is entitled to such legal remedies and equitable relief as may be appropriate including, but not limited to, reinstatement with back pay and benefits, plus interest, together with compensatory and punitive damages under 42 U.S.C. § 2000e-5(g) and § 1981a(b).

35. As a direct and proximate result of Weston's unlawful conduct, Jones is entitled to a reasonable attorney's fee, including expert fees, as part of her costs herein under 42 U.S.C. § 2000e-5(k) and § 1988.

WHERFORE, Jones prays for judgment in her favor and against Weston for all special, general, punitive and liquidated damages recoverable herein, plus equitable relief, interest, reasonable fees and costs, and for all other relief just and proper in the premises.

COUNT II – VIOLATION OF FMLA

36. Jones incorporates herein by reference the allegations contained in rhetorical paragraphs 1 through and including 35 of the Complaint.

37. The FMLA requires a covered employer to provide an eligible employee with up to 12 work weeks of leave during any 12-month period because of a serious health condition that makes the employee unable to perform the functions of her position. The FMLA also requires the employer to restore the employee to the same or equivalent position she held when the leave commenced with the same or equivalent benefits, pay and other terms and conditions of employment.

38. At all times relevant, Weston was a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A).

39. At all times relevant, Jones was an eligible employee on an approved FMLA leave for a serious health condition under 29 U.S.C. § 2611(2)(A) and § 2612(a)(1)(D).

40. Weston violated the FMLA, 29 U.S.C. § 2615(a), and harmed Jones by interfering with Jones' exercise of her rights under the statute and by discriminating and/or retaliating against Jones for engaging in a protected activity almost immediately after she returned from FMLA leave.

41. Weston did not act in good faith and had no reasonable grounds for believing it was not violating the FMLA and Jones' clearly established rights thereunder.

42. As a direct and proximate result of Weston's unlawful conduct, Jones is entitled to an award of salary, benefits and other compensation lost in an amount to be determined under 29 U.S.C. § 2617(a)(1)(A)(i), plus interest on that amount under 29 U.S.C. § 2617(a)(1)(A)(ii), and an additional equal amount as liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii).

43. As a direct and proximate result of Weston's unlawful conduct, Jones is entitled to appropriate equitable relief from Weston under 29 U.S.C. § 2617(a)(1)(B) including, but not limited to, employment, reinstatement and promotion.

44.     As a direct and proximate result of Weston's unlawful conduct, Jones is entitled to an award of reasonable attorney's fees, reasonable expert witness fees and other costs of this action to be paid by Weston under 29 U.S.C. § 2617(a)(3).

WHERFORE, Jones prays for judgment in her favor and against Weston for all special, general, punitive and liquidated damages recoverable herein, plus equitable relief, interest, reasonable fees and costs, and for all other relief just and proper in the premises.

                Respectfully submitted,

                /s/Clinton E. Blanck
                Clinton E. Blanck, 19270-32
                BLANCK LEGAL, P.C.
                9245 North Meridian Street, Suite 301
                Indianapolis, Indiana  46260
                Office:  (317) 844-8372
                Facsimile:  (317) 573-5564
                E-mail:  cblanck@blancklegal.com
                Attorney for Plaintiff